*394 The opinion of the Court was delivered by
Whitner, J.
This suit is brought to recover money alleged to have been collected by an attorney at law, now deceased.
On the case made in the brief it does not appear that plaintiffs’ cause of action was barred by the statute of limitations. The relation between the parties would prevent the operation of the statute until after demand, though it may be, from some intimations in the argument, that the party is concluded by the state of the pleading. On this question, therefore, no opinion is expressed. The payments were made by a sheriff against whom an attachment had issued. In every instance in which these payments were traced to the hands of the attorney, disbursements were promptly made by him on the same day. The disputed item had clearly reached the hand of the coroner, and not a tittle of evidence was produced to show that it had been paid over to the attorney. Years elapsed, — the attorney died, — the office of the coroner, it is said, is in a state of confusion, and an inference is asked whereby to charge the estate from the known assiduity of the attorney. We think this might result in great injustice. Pursuing the true line of accountability it might lead to a very different conclusion. The liability of the coroner is manifest, and if he was the object of pursuit it is not at all perceived that he could successfully shelter himself by such a presumption. The ascertained punctuality of the attorney raises a stronger presumption in h¡3 favor than his supposed assiduity does against him.
In any point of view the ease is presented under embarrassing circumstances. This Court cannot see in what way the conclusion has been reached. In the absence of all testimony bearing satisfactorily on this part of the case we think the ends of justice require a further inquiry.
The motion is granted and á new trial ordered.
O’Neall, Wardlaw, Withers, Glover and Munro, JJ., concurred.

Motion granted.